# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 23-1078 & 23-1130 -- B.P.J. v. West Virginia State Board et al. |
| **Originating No. & Caption** | 2:21-cv-00316 |
| **Originating Court/Agency** | Southern District of West Virginia, Charleston Division |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. 1291 | |
| Time allowed for filing in Court of Appeals | 30 days | |
| Date of entry of order or judgment appealed | January 5, 2023 | |
| Date notice of appeal or petition for review filed | February 1, 2023 | |
| If cross appeal, date first appeal filed | January 23, 2023 | |
| Date of filing any post-judgment motion | n/a | |
| Date order entered disposing of any post-judgment motion | n/a | |
| Date of filing any motion to extend appeal period | n/a | |
| Time for filing appeal extended to | n/a | |
| Is appeal from final judgment or order? | ⦿ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ⦿ No |

1/28/2020 SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ● No |
| Has transcript been filed in district court? | ○ Yes | ● No |
| Is transcript order attached? | ○ Yes | ● No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | n/a | |
| Case number of any pending appeal in same case | 23-1078 | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | n/a | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ● No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ● Yes | ○ No |
| Does case involve question of first impression? | ● Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ● No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| Please see attached. |

**Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary)

Please see attached.

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.)

| | |
|---|---|
| Adverse Party: B.P.J., by her next friend and mother Heather Jackson | Adverse Party: B.P.J., by her next friend and mother Heather Jackson |
| Attorney: Kathleen Hartnett<br>Address: COOLEY LLP<br>3 Embarcadero Center, 20th Floor<br>San Francisco, CA 94111 | Attorney: Tara Borelli<br>Address: LAMBDA LEGAL DEFENSE & EDUCATION FUND<br>1 West Court Square, Ste. 105<br>Decatur, GA 30030 |
| E-mail: khartnett@cooley.com | E-mail: tborelli@lambdalegal.org |
| Phone: (415) 693-2000 | Phone: (424) 298-7911 |

**Adverse Parties (continued)**

| | |
|---|---|
| Adverse Party: | Adverse Party: |
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: West Virginia Secondary School Activities Commission<br>Attorney: Roberta F. Green<br>Address: SHUMAN MCCUSKEY SLICER PLLC<br>Post Office Box 3953 (25339)<br>1411 Virginia Street East, Suite 200<br>Charleston, WV 25301<br><br>E-mail: rgreen@shumanlaw.com<br><br>Phone: (304) 345-1400 | Name: West Virginia Secondary School Activities Commission<br>Attorney: Kimberly M. Bandy<br>Address: SHUMAN MCCUSKEY SLICER PLLC<br>Post Office Box 3953 (25339)<br>1411 Virginia Street East, Suite 200<br>Charleston, WV 25301<br><br>E-mail: kbandy@shumanlaw.com<br><br>Phone: (304) 345-1400 |
| **Appellant (continued)** ||
| Name: West Virginia Secondary School Activities Commission<br>Attorney: Shannon M. Rogers<br>Address: SHUMAN MCCUSKEY SLICER PLLC<br>Post Office Box 3953 (25339)<br>1411 Virginia Street East, Suite 200<br>Charleston, WV 25301<br><br>E-mail: srogers@shumanlaw.com<br><br>Phone: (304) 345-1400 | Name:<br>Attorney:<br>Address:<br><br><br><br><br>E-mail:<br><br>Phone: |

**Signature:** /s/ Roberta F. Green    **Date:** February 14, 2023

**Counsel for:** West Virginia Secondary School Activities Commission

---

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

|  |  |
|---|---|
|  |  |

Signature:    Date:

In light of the District Court's ruling that H.B. 3293 is constitutional and complies with Title IX, it was unnecessary and outside the law of the case for the District Court to reach the issues raised in WVSSAC's Motion for Summary Judgment. Nonetheless, the District Court addressed the motion in its Memorandum Opinion and Order of January 5, 2023. In so doing, the District Court committed error when it went beyond finding that a question of fact precluded entry of summary judgment for WVSSAC. Instead, the District Court reached the merits and concluded that "WVSSAC is a state actor." This conclusion is based upon an erroneous application of the law and an improper weighing of the facts. WVSSAC seeks a ruling from this Court that, to the extent that the WVSSAC's Motion for Summary Judgment was denied, that it was based on the existence of a question of fact, and striking the District Court's conclusion that "WVSSAC is a state actor" as erroneous, premature as a matter of fact, moot as a matter of law, and unnecessary.

West Virginia Secondary School Activities Commission (WVSSAC) is a non-profit private corporation and has been since 1916. In or about 1967, the West Virginia Legislature found that county boards would be responsible for the control, supervision and regulation of activities, and further allowed them to delegate to WVSSAC. However, the Legislature did not convey state status, nor agency status nor funding nor immunities. As for the instant legislation, Plaintiff admits that

WVSSAC did not have a role in passing H.B. 3293. Further, by the express terms of H.B. 3293, WVSSAC has no role and is not envisioned by the Legislature as having a role in enforcing West Virginia's law or establishing regulations regarding its implementation. Plaintiff admits that WVSSAC was dropped from an earlier draft of the legislation and that WVSSAC appears nowhere in the statute as enrolled and signed into law. WVSSAC was expressly identified by Plaintiff as having policies relative to student athletes that are gender identical, neutral, and otherwise non-actionable. The established evidence confirms that WVSSAC has taken no action and was not slated to take action relative to B.P.J. Indeed, Plaintiff did not allege that WVSSAC harmed B.P.J.; rather, any future harm alleged by B.P.J. was unidentified under the statute and speculative. For these reasons, WVSSAC asserted that this was a pre-enforcement action that should not have remained viable as against WVSSAC.

"State actor" is not a determination that can be made in a vacuum, in the instance of a party that has not acted and therefore has no acts at issue. Rather, the determination must be made in relation to "action" of some kind. The District Court erred in determining that WVSSAC is a "State actor" while simultaneously failing to identify any "action" by WVSSAC related to B.P.J. upon which such a determination could be based. Plaintiff's evidence was insufficient to turn WVSSAC's (in)action into

'color of law' such as to convert WVSSAC into a 'state actor.' Plaintiff identified no enforcement action that WVSSAC has taken or is expected to take with regard to the challenged legislation. It remains undisputed that WVSSAC receives no governmental funding and does not claim the benefits available to governmental actors (immunities). Further, WVSSAC ascribes to the spirit of Title IX but is not required by law to follow its precepts. While it has been involved in litigation in state and federal courts, WVSSAC has never been adjudged a state actor until this litigation – and here, on the basis of minimal discovery and no evidence that it acted in any way, let alone as a 'state actor.' Indeed, WVSSAC expressly took no position on Plaintiff's motion for preliminary injunction, on the basis that B.P.J.'s involvement in sports did not impact WVSSAC's policies in any way nor did WVSSAC have to adjust its policies or take any action or refrain from acting for B.P.J. to participate.

The District Court erred in finding that WVSSAC raised only the state actor arguments on summary disposition, as WVSSAC argued that this was a pre-enforcement action relative to WVSSAC and that there was no evidence that harm would result even assuming that WVSSAC's policies extended to B.P.J. In denying WVSSAC's motion, the District Court relied upon what it found to be the 'pervasive entwinement' of WVSSAC and State. However, in so doing, the Court glossed over

the particulars of WVSSAC that are different than the entities in decisions such as *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 931 (2001) and misconstrued *Peltier v. Charter Day School,* 37 F.4th 194 (4th Cir. 2022). The District Court's ruling so broadly construes entwinement that, in operation, the Memorandum Order would convert institutional sports-equipment (hurdles, pole vault, landing pad, goal posts), school uniform, student desk manufacturers/ distributors, along with textbook salespersons and publishers into state actors, given that the vast majority (if not all) of their customers are schools (public and private, as are WVSSAC's). Additionally, given that WVSSAC receives none of the benefit of being a state actor – no funding, no immunities, no legislative protections – it falls outside the rubric of federal law generally that assigns burden only where there is an assumed benefit. *See, e.g. by analogy, Estes v. Midwest Products,* 24 F. Supp. 621, 628 (S.D. W. Va. 1998), '"'it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws'" so as to comport with fair play and substantial justice (internal citations omitted).