Nos. 23-1078, 23-1130

IN THE

# United States Court of Appeals

**FOR THE FOURTH CIRCUIT**

◆◆◆

B.P.J., by her next friend and mother; HEATHER JACKSON,

*Plaintiffs-Appellants,*

—v.—

WEST VIRGINIA STATE BOARD OF EDUCATION; HARRISON COUNTY BOARD OF EDUCATION; WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION; W. CLAYTON BURCH, in his official capacity as State Superintendent; DORA STUTLER, in her official capacity as Harrison County Superintendent,

*Defendants-Appellees,*

—and—

THE STATE OF WEST VIRGINIA; LAINEY ARMISTEAD,

*Intervenors-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA (CHARLESTON DIVISION)
THE HONORABLE JOSEPH R. GOODWIN, DISTRICT JUDGE
DISTRICT COURT CASE NO. 2:21-CV-00316

**MOTION FOR (1) LEAVE TO FILE BRIEF OF *AMICI CURIAE* CURRENT AND FORMER PROFESSIONAL, OLYMPIC AND INTERNATIONAL ATHLETES IN WOMEN'S SPORTS, THE NATIONAL WOMEN'S SOCCER LEAGUE PLAYERS ASSOCIATION, THE WOMEN'S SPORTS FOUNDATION, AND ATHLETE ALLY IN SUPPORT OF PLAINTIFF-APPELLANT AND (2) EXTRA WORD COUNT FOR BRIEF**

MICHELLE N. TANNEY
EDWARD J. JACOBS
MICHAEL A. SABELLA
SYDNEY W. PARK
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
(212) 589-4200

*Counsel for Amici Curiae*

## **STATEMENT OF NOTIFICATION OF COUNSEL OF RECORD**

Pursuant to Federal Rules of Appellate Procedure ("Fed. R. App. P.") 29, counsel for *amici curiae* notified counsel for the parties to the appeal of the intended filing of the *amicus* brief in support of Plaintiff – Appellant B.P.J., by her next friend and mother Heather Jackson. Counsel for Plaintiff – Appellant B.P.J., by her next friend and mother Heather Jackson, counsel for Defendants – Appellees West Virginia State Board of Education, Harrison County, Board of Education, W. Clayton Burch, in His official capacity as State Superintendent, Dora Stutler, in her Official Capacity as Harrison County Superintendent, and counsel for Intervenor – Appellee Lainey Armistead consent to the filing of the attached *amicus* brief. Defendant-Appellee West Virginia Secondary School Activities Commission advise that it takes no position on the filing of the attached *amicus* brief.

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Fed. R. App. P. 26.1, counsel for *amici curiae* hereby certify that none of the *amici curiae* have a parent corporation. *Amici curiae* are individual athletes and non-profit advocacy organizations, and have no shares or securities that are publicly traded.

## ARGUMENT

Pursuant to Fed. R. App. P. 27(a)(1) and 29(a)(1), current and former professional, Olympic, and international athletes in women's sports, the National Women's Soccer League Players Association, The Women's Sports Foundation, and Athlete Ally (collectively, "*Amici*") respectfully move for leave to file brief of *amicus curiae* in support of Plaintiff – Appellant B.P.J., by her next friend and mother, Heather Jackson. Further, pursuant to Fed. R. App. P. 29(a)(5) *amici* respectfully move for the Court's permission for extra pagination for the amicus brief.

In support of this motion, *amici* respectfully submit as follows:

1.   Fed. R. App. P. 29 permits the filing of *amicus curiae* briefs either by consent of all parties or leave of the Court. Fed. R. App. P. 29(a)(2). Fed. R. App. P. 29 provides that prospective *amici* must file, along with the proposed brief, a motion that states "the movant's interest" and "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(a)(3).

2. Fed. R. App. P. 29 additionally permits the *amici* to exceed the authorized page length with the Court's permission. Fed. R. App. P. 29(a)(5). As the amicus brief exceeds the pagination set forth in Fed. R. App. P. 29(a)(5), *amici* request the Court's permission to file the amicus brief with an additional word count to account for the import of the experiences of the *amici* and their perspectives as discussed herein and fully explored in the amicus brief.

3. *Amici* are current and former individual athletes in women's sports and non-profit organizations including the National Women's Soccer League Players Association, the Women's Sports Foundation, and Athlete Ally.

4. *Amici* athletes have participated in sports at every level and represent a broad cross section of sports, ranging from golf to soccer, and tennis to power lifting. These *amici* athletes offer valuable perspectives on a core issue of this matter: the life-long benefits of equal opportunity and participation in the athletic programs of primary, secondary, and university schools and the value of inclusive and welcoming sports environments. Each *amicus* athlete has, in common, an appreciation for, and an understanding of the importance of, participation in school sports, and all *amici* athletes oppose efforts to single out groups of women and girls from women's sports, including transgender women and girls, which harms the entire sports community.

5. The National Women's Soccer League Players' Association

5

("NWSLPA") is the labor union that represents all women's professional soccer players who play in the National Women's Soccer League, the Division 1 professional soccer league in the United States. It is a 501(c)(5) labor organization. The NWSLPA is proudly affiliated with the AFL-CIO and does not have a parent corporation.

6. The Women's Sports Foundation ("WSF") is an organization that seeks to enable girls and women to reach their potential in sport and life. Founded by Billie Jean King in 1974, WSF strengthens and expands participation and leadership opportunities through research, advocacy, community programming and a wide variety of collaborative partnerships. WSF has positively shaped the lives of millions of youths, high school and collegiate student-athletes, elite athletes, and coaches. The WSF works for a future where every girl and woman can unlock the lifelong benefits of sport participation.

7. Athlete Ally is a non-profit that seeks to educate athletic communities at all levels, from sport governing bodies, to teams, to individual athletes, on obstacles to inclusion for LGBTQ+ people in sports and how they can build inclusive communities on their teams or within their organizations. Athlete Ally holds trainings across the country on college campuses, with front office staff of major sports leagues, and with institutions like the NBA, NCAA, and the MLB, to ensure sport governing bodies, teams, and leagues adopt policies that reflect the

diversity of their constituents. They also incubate athlete activism to advance LGBTQ+ equality in and through sport.

8. The *amici* can therefore offer important background and contextual information relevant to the Court's analysis of the issues presented in this case and in furtherance of *amici*'s shared goal of advancing the cause of women and LGBTQ+ individuals in sports.

9. In particular, the brief addresses the benefit of youth participation in school sports and the harm exclusion from school sports can cause on the social, emotional, and physical well-being of children, particularly transgender children. In the brief, some *amici* share the harm they experienced when excluded from athletic participation because of who they are and the ways this exclusion was detrimental to their emotional and social development, as well as their sense of self and physical well-being. The brief also disputes claims by proponents of West Virginia's H.B. 3293 that it somehow benefits women athletes. Rather, *amici* submit that H.B. 3293 *harms* all women athletes through exclusion, discrimination, and denial of the benefits that flow from participation in sport. *Amici* submit that the legislation flies in the face of bedrock principles of equality and diversity in sports and could be maliciously used as a tool for exclusion and oppression.

10. The *amici* possess experience and expertise relevant to the Court's consideration of the issues presented and have a vested interest such that they

7

would be deeply impacted by the Court's disposition of this action.

11. *Amici*'s proposed brief is attached to this motion.

WHEREFORE, *Amici* respectfully request the Court's leave to participate as *amicus curiae*, by allowing the filling of the *amicus curiae* brief submitted herewith with additional word count.

Dated: April 3, 2023

Respectfully submitted,

*/s/ Michelle N. Tanney*
Michelle N. Tanney
mtanney@bakerlaw.com
Edward J. Jacobs
ejacobs@bakerlaw.com
Michael A. Sabella
msabella@bakerlaw.com
Sydney W. Park
swpark@bakerlaw.com
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
(212) 589-4200

*Counsel for Amicus Curiae*

8

## CERTIFICATE OF COMPLIANCE
## <u>WITH RULE 27(d) AND RULE 32(a)</u>

1. This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because this motion was produced using a computer and contains 911 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f).

2. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14 point characters with Times New Roman font.

Dated: April 3, 2023 /s/ Michelle N. Tanney
*Counsel for Amicus Curiae*