# EXHIBIT A

Cite as: 598 U. S. ____ (2023) 1

ALITO, J., dissenting

# SUPREME COURT OF THE UNITED STATES

No. 22A800

WEST VIRGINIA, ET AL. *v.* B. P. J., BY HER NEXT FRIEND AND MOTHER, HEATHER JACKSON

ON APPLICATION TO VACATE THE INJUNCTION

[April 6, 2023]

The application to vacate injunction presented to THE CHIEF JUSTICE and by him referred to the Court is denied.

JUSTICE ALITO, with whom JUSTICE THOMAS joins, dissenting from denial of application to vacate injunction.

This application concerns an important issue that this Court is likely to be required to address in the near future, namely, whether either Title IX of the Education Amendments of 1972, 86 Stat. 373, 20 U. S. C. §1681 *et seq.*, or the Fourteenth Amendment's Equal Protection Clause prohibits a State from restricting participation in women's or girls' sports based on genes or physiological or anatomical characteristics. The West Virginia Legislature enacted such a law. The District Court here preliminarily enjoined the law's enforcement in July 2021, and the State did not appeal that injunction for the almost-18 months during which it was in effect. Ultimately, however, the District Court granted summary judgment for the State and dissolved the preliminary injunction. Respondent B. P. J. appealed, and a divided panel of the Fourth Circuit issued an order enjoining enforcement of the law against B. P. J. for the duration of the appeal. In doing so, the panel provided no explanation whatsoever for its decision.

West Virginia has asked this Court to stay or vacate that order, but this Court now denies that request. And like the Fourth Circuit, this Court has not explained its reasons for

2  WEST VIRGINIA *v.* B. P. J.

Alito, J., dissenting

that decision.

 I would grant the State's application. Among other things, enforcement of the law at issue should not be forbidden by the federal courts without any explanation. It is true that West Virginia allowed the District Court's injunction to go unchallenged for nearly 18 months before seeking emergency relief from a second, identical injunction. And it is a wise rule in general that a litigant whose claim of urgency is belied by its own conduct should not expect discretionary emergency relief from a court. But in the circumstances present here—where a divided panel of a lower court has enjoined a duly enacted state law on an important subject without a word of explanation, notwithstanding that the District Court granted summary judgment to the State based on a fact-intensive record—the State is entitled to relief. If we put aside the issue of the State's delay in seeking emergency relief and if the District Court's analysis of the merits of this case is correct, the generally applicable stay factors plainly justify granting West Virginia's application.

 For these reasons, I respectfully dissent.