CASE NO. 23-1078 (L)

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

_____

B.P.J., by next friend and mother, HEATHER JACKSON,
*Plaintiff-Appellant,*

v.

WEST VIRGINIA STATE BOARD OF EDUCATION, *et al.*,
*Defendants-Appellees,*

and

*THE STATE OF WEST VIRGINIA*, *et al.,*
*Intervenors-Appellees.*

_____

On Appeal from the United States District Court
for the Southern District of West Virginia
Case No. 2:21-cv-00316 (Goodwin, J.)

_____

## MOTION OF WOMEN'S DECLARATION INTERNATIONAL USA
## FOR LEAVE TO FILE AMICUS CURIAE BRIEF
## IN SUPPORT OF APPELLEES AND AFFIRMANCE

_____

| | |
|---|---|
| Samuel J. Salario, Jr. | Kara Dansky |
| LAWSON HUCK GONZALEZ, PLLC | WOMEN'S DECLARATION |
| 1700 South MacDill Avenue | INTERNATIONAL USA |
| Suite 300 | P. O. Box 21160 |
| Tampa, FL 33629 | Washington, D.C. 20009 |
| 813-765-5113 | 800-939-6636 |
| samuel@lawsonhuckgonzalez.com | president@womensdeclarationusa.com |

*Counsel for proposed Amicus Curiae*

# DISCLOSURE STATEMENT

Pursuant to Fed. R. App. P. 26.1 and Local Rule 26.1, Women's Declaration International USA, makes the following disclosure:

1. Is party/amicus a publicly held corporation or other publicly held entity? **No.**

2. Does party/amicus have any parent corporations? **No.**

   If yes, identify all parent corporations, including all generations of parent corporations:

3. Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity? **No.**

   If yes, identify all such owners:

4. Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation? **No.**

   If yes, identify entity and nature of interest:

5. Does this case arise out of a bankruptcy proceeding? **No.**

   If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the caption), and (3) if a debtor is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of the debtor.

6. Is this a criminal case in which there was an organizational victim? **No.**

   If yes, the United States, absent good cause shown, must list (1) each organizational victim of the criminal activity and (2) if an organizational victim is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of victim, to the extent that information can be obtained through due diligence.

Dated: May 3, 2023 /s/ *Kara Dansky*
Kara Dansky

*Counsel for Proposed Amicus Curiae*
*Women's Declaration International USA*

ii

Pursuant to Federal Rule of Appellate Procedure 29(a), Women's Declaration International USA ("WDI USA") respectfully requests leave to file the attached brief as amicus curiae in support of Appellees and affirmance.

This motion is unopposed. Counsel for WDI USA has informed counsel for all parties of the intended filing of this motion. With the exception of the West Virginia Secondary School Activities Commission ("WVSSAC"), all such counsel have consented to the filing of the attached amicus brief. Counsel for WVSSAC takes no position on the filing of the brief—*i.e.*, neither consents to nor opposes it— and does not intend to file a response to this motion.

## STATEMENT OF INTEREST

WDI USA is the United States chapter of Women's Declaration International ("WDI"), an international group of volunteer women dedicated to protecting the sex-based rights of women and girls. Feminism and feminist theory are central to WDI USA. It seeks to represent the full female experience and is supported by female volunteers, including academics, writers, activists, and health practitioners.

WDI USA's purpose is to promote the Declaration on Women's Sex-Based Rights, which affirms the sex-based rights of women and girls and challenges the discrimination they experience when the sex-based categories of female and male are replaced by the category of "gender identity." The Declaration is rooted in the idea that the right of women and girls to live free from discrimination derives from

1

being female—having XX chromosomes and a female reproductive system—and not from having a "gender identity" as a woman or girl. Article 7 of the Declaration makes this explicit by stating that "the inclusion of men who claim to have a female 'gender identity' into the category of women in law, policies, and practice constitutes discrimination against women by impairing the recognition of women's sex-based human rights." Article 7 applies this principle to athletics, stating that "[t]o ensure fairness and safety for women and girls, the entry of boys and men who claim to have female 'gender identities' into teams . . . set aside for women and girls should be prohibited as a form of sex discrimination."

WDI USA promotes these and other principles of the Declaration through law and public policy advocacy. That advocacy includes presenting testimony to government agencies, responding to proposed changes in government policy and practices, and filing amicus curiae briefs in cases, like this one, that implicate the principles of the Declaration that WDI USA exists to promote.

WDI USA thus has a particular interest in defending state legislation, like the West Virginia law here, that defines the sex-based categories of female and male by reference to the objective facts of genetics and reproductive biology and not by reference to a claimed sense of gender identity. It likewise has a specific interest in ensuring that single-sex sports teams reserved for women and girls remain reserved for women and girls and not for males who claim the gender identity of a woman or

2

girl. WDI USA is keenly aware of how ignoring the sex-based distinctions between females and males contributes to discrimination against women and girls and thus has a unique and important perspective to offer the Court as it considers how the Equal Protection Clause and Title IX regard the West Virginia law in this case.

## **REASONS FOR PERMITTING THE AMICUS BRIEF**

This appeal presents an existential question for women and girls, and one that goes to the heart of WDI USA's mission: What does it mean to be a female? The West Virginia law defines that term using objective genetics and biology. *See* W.V. Code § 18-2-25d(b)(1)-(2) (2022). Appellant asks the Court to hold that the Equal Protection Clause and Title IX require striking that definition and replacing it with a person's subjective, claimed sense of identity as a female. That would obliterate the category of "female" as a distinct, coherent category worthy of legal protection from sex-based discrimination, reinforce stereotypes that relegate women and girls to second-class status, and deny them the important benefits of separate-sex sports.

WDI USA's experience will be useful to the Court in deciding this appeal. The attached brief focuses on why maintaining the definitional integrity of the sex-based category of "female" is essential to women's rights and how shoehorning males' claimed senses of gender identity into that category renders it incoherent—in general, and in women's and girls' sports specifically—and causes women and girls to suffer still more of the same negative stereotyping and sex-based discrimination

3

that the Equal Protection Clause and Title IX are intended to eliminate. Because an opinion in this case will have broad and lasting effects that will be borne most acutely by women and girls, WDI USA's feminist orientation and its experience promoting the principles of the Declaration can provide the Court with a different and meaningful perspective and important insights on the issues in this appeal.

## CONCLUSION

For the foregoing reasons, WDI USA respectfully requests that the Court grant it leave to file the attached amicus brief in support of Appellees and affirmance.

Dated: May 3, 2023              Respectfully Submitted,

/s/ Kara Dansky
Kara Dansky
WOMEN'S DECLARATION INTERNATIONAL USA
P.O. Box 21160
Washington, D.C. 20009
(800) 939-6636
president@womensdeclarationusa.com

Samuel J. Salario, Jr.
LAWSON HUCK GONZALEZ, PLLC
1700 South MacDill Avenue
Tampa, FL. 33629
813-765-5113
samuel@lawsonhuckgonzalez.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), the undersigned hereby certifies that:

1. This motion complies with the type-volume limitation, as provided in Fed. R. App. P. 27(d)(2)(A), because, exclusive of the exempted portions of the motion as provided by Fed. R. App. P. 32(f), the motion contains 836 words.

2. This motion complies with the type-face and type-style requirements, as provided in Fed. R. App. P. 32(a) and Circuit Rule 32(b), because the brief has been prepared in proportionally spaced typeface using Microsoft Word for Office 365 in 14-point Times New Roman font.

3. As permitted by Fed. R. App. P. 32(g)(1), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.

Dated: May 3, 2023                    */s/ Kara Dansky*
                                       Kara Dansky

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2023, I electronically filed the foregoing document through the court's electronic filing system, and that it has been served on all counsel of record through the court's electronic filing system.

*/s/ Kara Dansky*
Kara Dansky
