# 23-1078

# United States Court of Appeals
### *for the*
# Fourth Circuit

---

B.P.J., by her next friend and mother, HEATHER JACKSON,

*Plaintiffs-Appellants,*

– v. –

WEST VIRGINIA STATE BOARD OF EDUCATION; HARRISON COUNTY BOARD OF EDUCATION; WEST VIRGINIA SECONDARY SCHOOL ACTIVITIES COMMISSION; W. CLAYTON BURCH, in his official capacity as State Superintendent; DORA STUTLER, in her official capacity as Harrison County Superintendent,

*Defendants-Appellees,*

– and –

THE STATE OF WEST VIRGINIA; LAINEY ARMISTEAD,

*Intervenors-Appellees.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA AT CHARLESTON IN CASE NO. 2:21-CV-00316
HONORABLE JOSEPH R. GOODWIN, U.S. DISTRICT COURT JUDGE

---

**BRIEF OF *AMICI CURIAE* FEMALE OLYMPIC ROWERS MARY I. O'CONNOR, CAROL BROWN, PATRICIA SPRATLEN ETEM, VALERIE MCCLAIN, AND JAN PALCHIKOFF IN SUPPORT OF APPELLEES AND AFFIRMANCE**

---

SARAH E. CHILD
NELSON MADDEN BLACK LLP
475 Park Avenue South
Suite 2800
New York, New York 10016
(212) 382-4300

*Counsel for Amici Curiae*

Pursuant to Federal Rule of Appellate Procedure 29(a), female Olympic rowers Mary I. O'Connor, Carol Brown, Patricia Spratlen Etem, Valerie McClain, and Jan Palchikoff move for leave to file the amicus brief in support of Appellees accompanying this motion and request that the Court affirm the district court's judgment as to the constitutionality of W. Va. Code § 18-2-25d.

Counsel for appellant B.P.J., appellees the West Virginia State Board of Education, the Harrison County Board of Education, W. Clayton Burch, and Dora Stutler, and intervenors the State of West Virginia and Lainey Armistead consent to the filing of this amicus brief. Counsel for appellee West Virginia Secondary School Activities Commission takes no position on the filing of this brief and does not intend to file a response to this motion.

## STATEMENT OF INTEREST

*Amici* are five female Olympic rowers who lived through the enactment of Title IX and urge the Court to enforce this vital statute as written: to protect biological females.

Mary I. O'Connor, Carol Brown, Patricia Spratlen Etem, Valerie McClain, and Jan Palchikoff grew up during a time when female athletics were not prioritized, let alone afforded equal treatment. All benefitted mightily from Title IX's eventual passage, which enabled them to compete on female collegiate crew teams and advance to the highest levels of athletic achievement as United States Olympians.

1

Having experienced the harsh inequalities of female athletics prior to Title IX, *amici* are gravely concerned about the newest threat to women in sports: the forced inclusion of biological males identifying as women. *Amici* know personally that their athletic accomplishments would have been severely impacted if they had competed against biological males and have a strong interest in ensuring Title IX's legacy remains one of equality for female athletes. Moreover, as a doctor, an MBA, C-suite professionals, coaches, philanthropists, and mothers, *amici* are well-positioned to attest to the indispensable role athletic achievement plays in the academic, professional, financial, and personal lives of female athletes.

As such, *amici* submit this brief to ask the Court to refrain from resurrecting the inequality that characterized female athletic programs prior to Title IX. The athletic and professional futures of tens of thousands of girls and women across the country depend on it.

## DESIRABILITY AND RELEVANCE OF AMICUS BRIEF

The enactment of Title IX altered the course of history for women in athletics and created unprecedented opportunities for *amici*. Their powerful stories, recounted in the brief, show that Title IX's legacy is acutely threatened when laws like W. Va. Code § 18-2-25d are invalidated.

First, *amici* experienced the female athletic landscape pre-Title IX, when male athletic programs were the only ones deemed worthy of funds and resources. They

2

achieved tremendous athletic accomplishments because Title IX provided them with equal opportunity. Nonetheless, *amici* submit that since biological sex is the most important determinant in athletic performance, the invalidation of W. Va. Code § 18-2-25d would eliminate fair competition and destroy the equality Title IX was intended to achieve.

Second, female athletes' professional development is directly related to their athletic achievements and would be undermined by the invalidation of W. Va. Code § 18-2-25d. *Amici*—who are exceptionally credentialed and accomplished professionals—can collectively confirm that the empowerment they experienced as athletes significantly influenced their professional lives, financial success, and overall well-being. In some instances, job offers came as a direct result of their athletic accomplishments. In others, skills they developed as female athletes were critical to their success in the classroom, in the Boardroom, and in professions dominated by males. They can thus speak to the tangible effect that even one athletic achievement can have on a female athlete's professional career, and the ways these opportunities are jeopardized when biological males appropriate female athletes' records and awards.

In short, as Title IX pioneers and first-generation U.S. Women's Rowing Olympians, *amici* see disturbing parallels between pre-Title IX female athletic programs and the invalidation of statutes like W. Va. Code § 18-2-25d. Their amicus

3

brief compellingly demonstrates why this Court should refrain from returning to that era of discrimination and preserve Title IX's legacy of equality.

## CONCLUSION

*Amici* therefore respectfully request that the Court grant their motion to file the accompanying amicus brief in this matter.

Dated this 3rd day of May 2023

                                                    Respectfully submitted,

                                                    /s/ Sarah E. Child_____
                                                    Sarah E. Child, Esq.
                                                    Nelson Madden Black LLP
                                                    475 Park Avenue South
                                                    Suite 2800
                                                    New York, NY 10016
                                                    Telephone: 212-382-4300
                                                    schild@nelsonmaddenblack.com

                                                    *Counsel for Amici Curiae*

## CERTIFICATE OF COMPLIANCE

This motion complies with the word limit, as provided in Fed. R. App. P. 27(d)(2), because it contains 700 words, excluding the parts exempted by Fed. R. App. P. 32(f).

This motion also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.