IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

| | |
|---|---|
| B.P.J., *et al.*,<br>　　　Appellants,<br><br>　*vs*.<br><br>West Virginia State Board of Education, *et al*.,<br>　　　Defendant-Appellees,<br><br>　and<br><br>The State of West Virginia and Lainey Armistead,<br>　　　Intervenors-Appellees, | APPEAL NO. 21-1365<br><br>MOTION FOR LEAVE TO FILE BRIEF AMICUS CURIAE IN SUPPORT OF INTERVENORS-APPELLEES |

　　　Your proposed *amici*, a group of 22 business executives, by their attorney, Reese R. Boyd III, moves the Court for an order granting them leave to file their brief *amicus curiae* in support of Intervenor Appellees. The proposed brief is attached as an exhibit to the motion, and a complete list of *amici* is attached to this motion as Addendum A, along with a copy of the required disclosure form at Addendum B.

　　In further support, the proposed *amici* state:

1. The *amici* are current or retired business executives. They have significant experience in American business leadership and hiring practices. As executives, they represent a wide range of experience and industries. They are each familiar

1

with the hiring practices of their employers and their industries, and with the skills and acumen necessary to succeed in competitive business.

2. In light of their experience, *amici* wish to bring to the Court's attention the academic and professional consensus that labor market success is positively associated with athletic participation and athletic success. In the view of *amici*, the decision of the Court will impact the role that records of athletics play their hiring practices. Therefore, your *amici* have an interest in making sure that athletic records of men and women continue to provide relevant hiring information, and in making sure that the records are set and retained using the same level of fairness for men and women.

3. Your *amici* believe the position of the Intervenor-Appellees secures this fundamental fairness, and complies with equal protection.

4. Counsel for *amici* have notified counsel for each party of their intent to file. Defendant-Appellee West Virginia Secondary School Activities Commission asked their counsel to take no position on the request. Therefore, Fed. R. App. P. 29 requires *amici* to file this motion for leave.

2

5. For all these reasons, amici ask the Court to accept and grant this motion for leave to file their brief *amicus curiae*.

Date: May 3, 2023

                                  Respectfully submitted,

                                  <u>s/Reese R. Boyd, III, Esq.</u>
                                  Reese R. Boyd, III, Esq.
                                  Davis & Boyd LLC
                                  Post Office Box 70517
                                  Myrtle Beach, SC 29572
                                  (843) 839-9800
                                  (843) 839-9801 (fax)
                                  reese@davisboydlaw.com

                                  *Attorney for Amici*
                                  *Business Executives*

                                  Attorney for Amici Business Executives

<u>Certificate of Service</u>

I hereby certify that on May 3, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Date: May 3, 2023

                                  <u>s/Reese R. Boyd III</u>
                                  Attorney for *Amici*

**Addendum A – List of Individual *Amici***

List of individual *amici,* including relevant experience and company:[1]

1. Gary Archer, President, Let's Play Sports, Texas

2. Shannon Badger, Managing Partner, Badger CPA

3. Scott Barr, Steward of Southwest Exteriors in Texas

4. Robert Bortins, CEO, Classical Conversations

5. Lewis Brazelton, President/Founder, Brazelton Auto, Texas

6. Scotty Carroll, President/Owner, Trammel Creek Management, Inc., Tennessee

7. Stephen Casey, CEO, Datapoint Media Group

8. Peter Demos, President and Attorney with Demos' Restaurants in Tennessee

9. Lisa A Fullerton – President/CEO A Novel Idea, LLC, Texas

10. Anthony Hahn, President/CEO, Conestoga Wood Specialties Corporation, Pennsylvania

---

[1] Institutions of individual *amici* are listed for identification purposes only. The opinions expressed are those of the individual *amici*, and not necessarily of their affiliated institutions.

11. Douglas Hunter, CEO, Doug Hunter, LLC, South Carolina

12. Joseph Hurt, President of PBP Fabrication, Inc., Odessa, TX

13. Simon Lee, CEO, EIS Office Solutions, Inc., TX

14. Thomas Okarma, Tom Okarma Consulting, Arizona

15. Joe A. Patterson, Jr., Vice President, Crockett National Bank, Texas

16. Sam Rust, Manager, Life Bridge Capital, Colorado

17. Nicole Sdao, Founder/CEO - LetsTHRIVE360, Wisconsin

18. Dennis Sledge, Owner, Specified Industrial Products, Texas

19. Dan Stege, Founder / CEO, Distinct Defense, LLC

20. Suzanne Tacconelly, Founder & CEO of Blessings in the Breeze, Texas

21. Samuel P Thevanayagam, CEO, Parts Life Inc., New Jersey

22. Richard Williams, CEO, Lineage

Institutions of individual *amici* listed for identification purposes only. The opinions expressed are those of the individual *amici*, and not necessarily of their affiliated institutions.

# Addendum B – Disclosure Statement

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

**DISCLOSURE STATEMENT**

- In civil, agency, bankruptcy, and mandamus cases, a disclosure statement must be filed by **all** parties, with the following exceptions: (1) the United States is not required to file a disclosure statement; (2) an indigent party is not required to file a disclosure statement; and (3) a state or local government is not required to file a disclosure statement in pro se cases. (All parties to the action in the district court are considered parties to a mandamus case.)
- In criminal and post-conviction cases, a corporate defendant must file a disclosure statement.
- In criminal cases, the United States must file a disclosure statement if there was an organizational victim of the alleged criminal activity. (See question 7.)
- Any corporate amicus curiae must file a disclosure statement.
- Counsel has a continuing duty to update the disclosure statement.

No. __23-1078__　　　　Caption: __BPJ v. West Virginia State Board of Education__

Pursuant to FRAP 26.1 and Local Rule 26.1,

__Busienss Executive Amici__
(name of party/amicus)

who is _____amici_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1. Is party/amicus a publicly held corporation or other publicly held entity?　☐ YES ☑ NO

2. Does party/amicus have any parent corporations?　☐ YES ☑ NO
   If yes, identify all parent corporations, including all generations of parent corporations:

3. Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?　☐ YES ☑ NO
   If yes, identify all such owners:

12/01/2019 SCC　　　　　- 1 -

4. Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation?  ☐ YES ☒ NO
   If yes, identify entity and nature of interest:

5. Is party a trade association? (amici curiae do not complete this question)  ☐ YES ☐ NO
   If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6. Does this case arise out of a bankruptcy proceeding?  ☐ YES ☒ NO
   If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the caption), and (3) if a debtor is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of the debtor.

7. Is this a criminal case in which there was an organizational victim?  ☐ YES ☒ NO
   If yes, the United States, absent good cause shown, must list (1) each organizational victim of the criminal activity and (2) if an organizational victim is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of victim, to the extent that information can be obtained through due diligence.

Signature: **s/Reese R. Boyd, III, Esq.**           Date: **May 2, 2023**

Counsel for: **amici**

- 2 -     [Print to PDF for Filing]   [Reset Form]

7