

State of West Virginia
Office of the Attorney General
1900 Kanawha Blvd E
Building 1, Room 26-E
Charleston, WV 25305-0220

Patrick Morrisey  (304) 558-2021
Attorney General  Fax (304) 558-0140

August 28, 2023

Patricia S. Connor
Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

Submitted Electronically via CM/ECF

Re:  No. 23-1078: *B.P.J. v. West Virginia State Board of Education, et al.*

Dear Ms. Connor:

Like Plaintiff-Appellant's previous notices of supplemental authority, B.P.J.'s latest notice addresses an inapposite decision. *See* ECF No. 176 (citing *Hecox v. Little*, No. 20-35813, 2023 WL 5283127 (9th Cir. Aug. 17, 2023)).

*Hecox* involves a different standard of review. It examines whether the district court "abused its discretion" in issuing a preliminary injunction, ECF No. 176-2, at 12—a "limited and deferential review" based on a narrow record. *Id.* at 62. This case shows how a complete record can make a decisive difference. ECF No. 89, at 29.

Idaho's law also has a verification process that includes "genital inspections." ECF No. 176-2, at 53. According to *Hecox*, this provision is "unconscionably invasive, with the potential to traumatize." *Id.* at 51. Thus, *Hecox* found that Idaho's law "perpetuates historic discrimination against both" women and men who identify as women—making *Clark I*, 695 F.2d 1126 (9th Cir. 1982), and *Clark II*, 886 F.2d

Patricia S. Connor
August 28, 2023
Page 2

1191 (9th Cir. 1989) "inapposite." ECF No. 176-2, at 39. But genital inspections aren't part of West Virginia's law. So *Hecox*'s "extraordinarily fact-bound test" based on a "narrow question" doesn't apply. *Id.* at 60.

In some ways, *Hecox* tracks the district court's approach here. Both, for instance, used intermediate scrutiny. *Id.* at 66; ECF No. 53-8, at 556.

But where *Hecox* departs from the district court on the law, *Hecox* gets it wrong—contradicting itself, Ninth Circuit authority, and Supreme Court precedent. For example, it faults Idaho for implementing "unnecessary medical testing," ECF No. 176-2, at 53, but it approves Idaho's previous policy requiring "proof" that athletes sufficiently "suppress[ed] their testosterone levels," *id.* at 67, 16. And it discounts displacement's harms, contrary to *Clark II* and what Appellees have shown, even while it is forced to acknowledge that concerns over displacement are "reasonabl[e]." *Id.* at 60.

*Hecox* shows the dangers courts face when resolving difficult "policy question[s]." ECF No. 176-2, at 58-59. This Court should defer to the State's reasonable judgment in protecting fairness in female sports. *See id.* at 59.

Sincerely,

PATRICK MORRISEY
  ATTORNEY GENERAL

/s/ Lindsay S. See
Lindsay S. See
  *Solicitor General*
  *Counsel of Record*

Michael R. Williams
  *Principal Deputy Solicitor General*

OFFICE OF THE
ATTORNEY GENERAL
OF WEST VIRGINIA
State Capitol Complex

Patricia S. Connor
August 28, 2023
Page 3

Building 1, Room E-26
Charleston, WV 25301
(304) 558-2021

*Counsel for Intervenor-Appellee
State of West Virginia*